1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   KEITH M. CASSELLS,                        No. 2:20-cv-0322-KJM-EFB P

12                   Plaintiff,

13          v.                                  ORDER

14   F. ROBINSON, et al.,

15                   Defendants.

16

17          Plaintiff is a state prisoner proceeding without counsel in an action brought under

18   Americans with Disabilities Act.[1]   His complaint is before the court for screening.[2]   Plaintiff has

19   filed an application to proceed in forma pauperis.  ECF No. 2.

20   **I.      Request to Proceed In Forma Pauperis**

21          Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

22   Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect

23   and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C.

24   § 1915(b)(1) and (2).

25   _____

26          [1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.
     § 636(b)(1).

27

28          [2] On April 17, 2020, plaintiff has filed a motion for an extension of time to file an
     amended complaint.  ECF No. 6.  In light of the disposition below, that motion is denied as moot.

                                                1

1  **II.    Screening Requirement and Standards**

2         Federal courts must engage in a preliminary screening of cases in which prisoners seek

3  redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

4  § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

5  of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

6  relief may be granted," or "seeks monetary relief from a defendant who is immune from such

7  relief."  *Id.* § 1915A(b).

8         A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)

9  of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and

10  plain statement of the claim showing that the pleader is entitled to relief, in order to give the

11  defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*

12  *Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

13  While the complaint must comply with the "short and plaint statement" requirements of Rule 8,

14  its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556

15  U.S. 662, 679 (2009).

16         To avoid dismissal for failure to state a claim a complaint must contain more than "naked

17  assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of

18  action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of

19  a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at

20  678.

21         Furthermore, a claim upon which the court can grant relief must have facial plausibility.

22  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual

23  content that allows the court to draw the reasonable inference that the defendant is liable for the

24  misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a

25  claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*

26  *Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the

27  plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

28  /////

1    **III.    Screening Order**

2         Plaintiff alleges that defendants, employees at California Medical Facility's mail room

3    and trust office, interfered with correspondence sent to plaintiff from Metropolitan Life Insurance

4    Company.  ECF No. 1 at 4.  According to plaintiff, defendants failed to provide him with a first

5    letter from Met Life that informed him of a benefit from his deceased mother's life insurance and

6    asked plaintiff to select from a variety of options regarding disbursement.  A second letter from

7    Met Life contained the disbursement of $2700.33 but the check did not have plaintiff's inmate

8    number on it.  Plaintiff alleges that defendants wrongfully wrote his inmate number on the check

9    and placed the funds in plaintiff's trust account, where much of the money was used to offset

10   plaintiff's debts.  Plaintiff alleges that this conduct deprived him of the opportunity to effect the

11   transfer of the entire amount to his daughter.  He seeks "criminal prosecution" of defendants

12   under 18 U.S.C. § 1702 and damages.  *Id.* at 7.

13        These claims are not cognizable for several reasons.  First, there is no private right of

14   action under 18 U.S.C. § 1702.  *United States ex rel. Pope v. Hendricks*, 326 F. Supp. 699, 701

15   (E.D. Pa. 1971) ("It is clear that this section of the Code [§ 1702] is a criminal section designed to

16   serve as authority for action by a United States Attorney and does not give rise to a cause of

17   action for personal injuries.").

18        Second, plaintiff's claim –that defendants deprived him of the preferred use of his

19   insurance proceeds – is essentially an allegation of negligent or unauthorized deprivation of

20   property by state officials.  Such a claim is not a cognizable federal claim, because California

21   provides an adequate remedy for inmates who suffer property loss at the hands of prison

22   employees.  *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code

23   §§ 844.6, 900-915 and *Hudson v. Palmer*, 468 U.S. 517, 533 (1984)).

24        Third, it is apparent from the face of the complaint that plaintiff did not exhaust his

25   available administrative remedies before filing suit.  42 U.S.C. § 1997e requires that inmates

26   exhaust available administrative remedies prior to filing suit against prison officials under § 1983.

27   The complaint was signed and filed on February 12, 2020.  ECF No. 1 at 7.  Plaintiff writes that

28   he submitted his third level appeal just one day earlier and had not yet received a response.  *Id.* at

4. He states that there is no administrative remedy "for criminal acts under violations of 18 U.S.C.S. section 1702" as justification of his failure to exhaust before filing. *Id.* But plaintiff was required to exhaust his claim before filing even if that process could not give him every remedy he seeks. *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001) ("Congress has provided in § 1997e(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues."). When, as here, it is clear from the face of the complaint that the plaintiff did not exhaust administrative remedies before filing suit, the action may be dismissed on screening for failure to state a claim. *Galvan v. Lucas*, 781 F. App'x 633, 634 (9th Cir. 2019).

Thus, the complaint must be dismissed with leave to amend. Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims in the amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* E.D. Cal. L.R. 110.

**IV.    Summary of Order**

Accordingly, it is ORDERED that:

1. The motion to proceed in forma pauperis (ECF No. 2) is GRANTED;

2. Plaintiff's motion for an extension of time to file an amended complaint (ECF No. 6) is denied as moot; and

3. The complaint is dismissed with leave to file an amended complaint within 30 days from the date of service of this order.  The amended complaint must bear the docket number assigned to this case and be titled "Amended Complaint."  Failure to comply with this order may result in a recommendation that this action be dismissed for failure to state a claim and/or failure to prosecute.  If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

DATED:  April 22, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE