1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   KEITH CASSELLS,                              No.  2:20-cv-0322-KJM-EFB P

12                  Plaintiff,

13        v.                                      FINDINGS AND RECOMMENDATIONS

14   F. ROBINSON, et al.,

15                  Defendants.

16

17        Plaintiff is a state prisoner proceeding without counsel in an action brought under

18   42 U.S.C. § 1983.  After dismissal of plaintiff's original complaint pursuant to 28 U.S.C.

19   § 1915A(a) (ECF No. 7), he has filed an amended complaint (ECF No. 12), which the court must

20   now screen.[1]

21        Like the original complaint, the amended complaint alleges that defendants, employees at

22   California Medical Facility's mail room and trust office, interfered with correspondence sent to

23   plaintiff from Metropolitan Life Insurance Company.  The first piece of correspondence was

24   postmarked October 7, 2019.  ECF No. 12 at 4.  According to plaintiff, defendants Sanchez and

---

[1] Federal courts must engage in a preliminary screening of cases in which prisoners seek
redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C.
§ 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of
the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief
may be granted," or "seeks monetary relief from a defendant who is immune from such relief."
*Id.* § 1915A(b).

1

1    Boos did not deliver the letter to plaintiff because it did not include plaintiff's CDCR number.

2    *Id.* at 3.  They stamped the letter "return to sender," but allegedly never placed it back in the mail.

3    Plaintiff claims this was censorship in violation of the First Amendment.  A second letter from

4    Met Life, post-marked October 11, 2019, contained a check in the amount of $2,700.33.  *Id.* at 4.

5    The check was to plaintiff as the beneficiary of his deceased mother's life insurance policy, but it

6    did not have plaintiff's inmate number on it.  *Id.* at 4.  Plaintiff alleges that defendants Robinson

7    and Juricek wrongfully wrote his inmate number on the check and deposited it into a CDCR

8    account.  *Id.* at 4, 16.  Plaintiff claims their conduct violated his right to due process.  Plaintiff

9    also claims defendants improperly handled a related inmate grievance, thereby violating his

10   "administrative appeal rights."  *Id.* at 6.  For the reasons stated below, none of these claims can

11   survive screening.

12        First, an isolated incident of tampering with a prisoner's non-legal mail generally does not

13   give rise to a constitutional violation.  *See Davis v. Goord*, 320 F.3d 346, 351 (2d. Cir. 2003)

14   (holding that "an isolated incident of mail tampering is usually insufficient to establish a

15   constitutional violation."); *Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir. 1990) (holding that

16   an isolated incident of mail interference, absent any evidence of improper motive, does not give

17   rise to a constitutional violation); *Watkins v. Curry*, 2011 U.S. Dist. LEXIS 123356, 2011 WL

18   5079532, at *3 (N.D. Cal. Oct. 25, 2011) (citing *Lingo v. Boone*, 402 F. Supp. 768, 773 (C.D.

19   Cal. 1975) ("Absent evidence of a broader plan or course of conduct to censor plaintiff's mail

20   unconstitutionally, an honest error by prison officials does not justify relief under § 1983.").

21   Plaintiff's allegations show, at worst, a single instance of mail interference, which does not give

22   rise to a constitutional violation.

23        Second, plaintiff's claim about the insurance check is essentially an allegation of a

24   negligent or unauthorized deprivation of property by state officials.  Such a claim is not a

25   cognizable federal claim, because California provides an adequate remedy for inmates who suffer

26   property loss at the hands of prison employees. *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir.

27   1994) (citing Cal. Gov't Code §§ 844.6, 900-915 and *Hudson v. Palmer*, 468 U.S. 517, 533

28   (1984)).

1       And finally, plaintiff cannot maintain a claim based on a violation of his administrative

2   appeal rights.  Indeed, there are no constitutional requirements regarding how a grievance system

3   is operated, even if plaintiff believes it to be unfair.  *See Ramirez v. Galaza*, 334 F.3d 850, 860

4   (9th Cir. 2003); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

5       Despite notice of the complaint's deficiencies and an opportunity to amend, plaintiff is

6   unable to state a cognizable claim for relief and this action should be dismissed without further

7   leave to amend.  *Plumeau v. School Dist. # 40*, 130 F.3d 432, 439 (9th Cir. 1997) (denial of leave

8   to amend appropriate where further amendment would be futile).

9       Accordingly, it is RECOMMENDED that plaintiff's amended complaint (ECF No. 12) be

10   DISMISSED for failure to state a claim, without leave to amend, and the Clerk be directed to

11   close the case.

12       These findings and recommendations are submitted to the United States District Judge

13   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

14   after being served with these findings and recommendations, any party may file written

15   objections with the court and serve a copy on all parties.  Such a document should be captioned

16   "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

17   within the specified time may waive the right to appeal the District Court's order.  *Turner v.*

18   *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

19   Dated:  September 22, 2020.

20

21   EDMUND F. BRENNAN
    UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28